IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALAN HEADMAN,<br><br>                              Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, UTAH JUDICIAL COUNSEL, UTAH ADMINISTRATIVE OFFICE OF THE COURTS,<br><br>                              Defendants. | REPORT & RECOMMENDATION<br><br>Case No.  2:18-cv-00051<br><br>District Court Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

**INTRODUCTION**

This matter is before the court pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Judge Clark Waddoups. (ECF No. 2.) On January 17, 2018, Plaintiff Alan Headman ("Plaintiff" or "Mr. Headman") filed his civil rights complaint seeking declaratory and injunctive relief against Defendants the State of Utah, Utah Judicial Council and Utah Administrative Office of the Courts (collectively, "Defendants"). (ECF No. 1.) In response, Defendants filed their currently pending motions to dismiss. (ECF No. 7, ECF No. 12); *see* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

The court has carefully reviewed the motions and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of

Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Mr. Headman is proceeding pro se. Consequently, the court construes his pleadings liberally. *See, e.g., Ledbetter v. city of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003). Additionally, as part of its consideration of the pending motions, the court takes judicial notice of all relevant state court pleadings and matters of public record. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979).

## BACKGROUND

The following facts are taken from Mr. Headman's complaint and viewed in a light most favorable to Plaintiff. *See Jordan-Arapahoe, LLP v. Bd. of County Comm'rs.,* 633 F.3d 1022, 1025 (10th Cir. 2011).

Mr. Headman is a resident of South Jordan, Utah. (ECF No. 1, ¶¶14-25.) In 1990, he married Camille Headman and the couple had three children. (*Id.,* ¶16.) Plaintiff asserts he "was the victim of an act of fault" when his wife engaged in a relationship with another man causing the break-up of his marriage. (*Id.,* ¶19, Ex. B, ¶3.)

At mediation in the parties' divorce proceedings, Mr. Headman insisted that his wife's "fault" be considered in calculating alimony. (*Id.*, ¶35.) Mr. Headman's counsel and the mediator disagreed. (*Id.*) In order to "break the stalemate", counsel and the mediator "engaged in misconduct" by falsely leading Mr. Headman to believe a provision in the parties' decree required consideration of fault in conjunction with any alimony modifications. (*Id.*, ¶¶8-9, 37-38; ECF No. 1-6, Exhibit F.)

On June 13, 2011, the parties entered into a stipulated agreement and "alimony was conditionally agreed upon for a period of approximately 21 years." (*Id.*, ¶18.)

Plaintiff filed a motion to modify alimony on September 19, 2017. (ECF No. 7-1.) On October 26, 2017, the state court Commissioner held a hearing and certified issues of alimony and income for trial before the District Court. (ECF No. 7-2 at 3.)

On January 17, 2018, Mr. Headman filed his federal action. (ECF No. 1.) Several days thereafter, Plaintiff filed a motion to continue his state court case pending resolution of his federal lawsuit. (ECF No. 7-1.) In his complaint, Plaintiff seeks to require Defendants to consider his wife's "fault" and "reassess the term of alimony" consistent therewith. Utah Code Ann. §30-3-5(8)(b) states that "[t]he court *may* consider the fault of the parties," but there is no requirement to do so. Utah Code Ann. §30-3-5(8)(b) (emphasis added).

Mr. Headman mounts three injunctive claims seeking relief from his pending state court case:

> A.  . . . requir[e] the Defendants to interpret Utah Code §30-3-5(8)(b) for pending actions in Utah Case #114901377 in a manner that does not conflict with the constitutional directive requiring equal application and due process using "shall" as a standard as follows, "The court shall consider the fault of the parties in determining whether to award alimony and the terms thereof."
>
> B.  . . . require[e] the Defendants (including the courts) to consider the fault of the Petitioner in Utah Case #114901377 and reassess the term of alimony with fair regard for the Plaintiff's constitutional rights.
>
> C.  . . . prevent[ ] the Defendants from claiming an inability to apply a reasonable standard to Utah Code §30-3-5(8)(b) and Utah Code §30-3-5(8)(c), including the subsections under these codes, including claims of lack of direction from the Utah State Legislature.

  D.  . . . requir[e] the Defendants to limit the term of alimony assigned in Utah Case #114901377 to a reasonable rehabilitative period ending no later than three years following the later of the parties youngest child's 18th birthday or high school graduation date, whichever occurs later.

  E.  . . . bar[ ] the Defendants from denying the fair consideration of misconduct and material misrepresentations of facts occurring in connection with the formation of the original decree (including the deceptive inclusion of Item 92) for Utah Case #114901377 and related assessments of corrective remedies.

Plaintiff also raises a claim for declaratory judgment requiring a determination that:

  F.  . . . any interpretation of §30-3-5(8)(b) and, or Utah Code §30-3-5(8)(c), or the related subsections of each, denying consideration of fault or denying the related fair assessments of alimony where evidence of fault exists, is in violation of the requesting party's constitutional rights.

## DISCUSSION

Mr. Headman is unhappy with the outcome of his state court divorce case. Unhappiness, however, does not confer jurisdiction on this court. Accordingly, as set forth herein, the court recommends dismissal of Mr. Headman's complaint under the *Younger* abstention doctrine, principles of standing and Eleventh Amendment immunity.

### The *Younger* Abstention Doctrine Applies.

According to *Younger v. Harris*, federal courts shall avoid interference with ongoing state proceedings if the state court provides an adequate forum to present federal constitutional challenges. 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Although federal courts have subject matter jurisdiction over civil rights claims, they "should not 'interfere with state court proceedings by granting equitable relief--- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings'

4

when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupations & Prof'l. Licensing,* 240 F.3d 871, 875 (10th Cir. 2001) (*quoting Rienhardt v. Kelly,* 164 F.3d 1296, 1302) (10th Cir. 1999).

Indeed, *Younger* specifically prohibits federal courts from exercising jurisdiction where: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum for the claims raised in the federal complaint, and (3) the state proceeding 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amanatullah v. Colo. Bd. of Med. Exam'rs.,* 187 F.3d 1160, 1163 (10th Cir. 1999) (*citing Taylor v. Jaquez*, 126 F.3d 1294, 1296) (10th Cir. 1997). In the instant case, all three criteria are met and federal abstention is mandatory. *Id.*

First, Mr. Headman's state court proceeding is ongoing. (ECF No. 12-1 at 4-5.) Plaintiff's divorce decree was entered in June 2011, and in 2017 Mr. Headman filed a motion to modify alimony payments. On October 26, 2017, the state court Commissioner certified the case to the District Court for trial, and the case remains active and open. Second, the state court provides Plaintiff with an adequate forum for his claims. Mr. Headman did not appeal entry of his decree, and the appropriate forum for him to challenge alimony payments six years post-judgment remains with the state court.

Finally, it is appropriate for Mr. Headman to raise his constitutional claims in the state case because "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992); *Hunt v. Lamb,* 427 F.3d

725, 727 (10th Cir. 2005); *see also Wideman v. Colorado,* 242 Fed. App'x. 611 (10th Cir. Oct. 1, 2007) (unpublished) (a party "cannot circumvent the jurisdiction of the state courts by bringing a lawsuit under 42 U.S.C. §1983"). While Mr. Headman frames his relief as declaratory and injunctive, the effect of the requested relief is actually a modification of his divorce decree. *See Hahn v. Reyes*, 2017 U.S. Dist. LEXIS 47844 *15 (D. Utah 2017) (*aff'd sub nom. Hahn v. Reyes,* 698 App'x. 561 (10th Cir. 2017). Under the domestic relations exception, federal courts are divested of power to issue divorce, alimony and child custody decrees. *See Hahn v. Utah,* 2017 U.S. Dist. LEXIS 47844 *15-16 (D. Utah Mar. 29, 2017) (*citing Ankenbrandt* 504 U.S. at 703).

To the extent Mr. Headman disagrees with the terms of his divorce or challenges its statutory underpinnings, he must raise those arguments in the ongoing state court proceeding or through an appeal to the state appellate courts. The *Younger* abstention doctrine prohibits this court from exercising jurisdiction over the claims asserted and Mr. Headman's complaint should be dismissed as to all Defendants.

**Defendants Utah Judicial Council and Utah Administrative Office of the Courts Have No Ability To Redress Plaintiff's Injury.**

Even assuming that *Younger* abstention did not apply, a court may only exercise jurisdiction if Plaintiff has standing to sue. *See* U.S. Const. art. III, §2; *Abraxis Bioscience, Inc. v. Navinta LLC,* 625 F.3d 1359, 1363 (Fed. Cir. 2010) ("[s]tanding is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue.").

Mr. Headman asserts injury stemming from the state court's failure to consider "fault" when awarding alimony. Plaintiff's asserted injury, however, is not traceable to either Utah's Judicial Council (the Council) or to the Administrative Office of the Courts (the Office). While

6

Plaintiff lists what he believes to be the duties and responsibilities of the Council and the Office, neither has the authority to change legislation or modify his divorce decree.

The Council is charged with enacting policies and procedures surrounding the administration of the judiciary and the operation of the courts. *See* Utah Code of Judicial Administration Rule 2-201(1) (explaining the Council's purpose is to "establish policy by adopting rules governing any *administrative* function of the judiciary") (emphasis added); *see also* Utah Code Ann. §78A-2-104(4)(a) ("[t]he [C]ouncil has authority and responsibility to . . . establish and assure compliance with policies for the operation of the courts . . . ."). Likewise, the Office's function is to "organize and administer all of the nonjudicial activities of the courts; assign, supervise, and direct the work of the nonjudicial officers of the courts; [and] implement the standards, policies and rules established by the council . . . ." Utah Code Ann. §78A-2-107(1)(3); *see also* Utah Code of Judicial Administration Rule 3-301. Indeed, the judiciary and the legislature operate as independent branches of government and neither the Council nor the Office have the power to create state law or instruct the judiciary on how to apply individual laws to a particular case.

Absent such authority, the Council and the Office have no ability to redress Headman's alleged injury. Without a causal connection or redressability, Headman cannot demonstrate standing to bring his claims against the Council or the Office and the court lacks jurisdiction over Plaintiff's claims. *Utah v. Babbitt*, 137 F.3d 1193, 1202-1204 (10th Cir. 1998) (standing doctrine requires a "causal connection between the injury and the conduct complaint of" that is "fairly traceable to the actions of the defendant").

### **Eleventh Amendment Immunity Operates As A Jurisdictional Bar To Plaintiff's Claims.**

Additionally, the Eleventh Amendment, "is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.,* 577 F.3d 1255, 1258 (10th Cir. 2009); *Edelman v. Jordan,* 415 U.S. 651, 662-63, 94 S. Ct. 1347 (1974). Mr. Headman has presented no evidence of waiver or Congressional abrogation of immunity and the court must dismiss his claims against the State and its arms for lack of subject matter jurisdiction. *See Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1233-34 (10th Cir. 1999); *Ellis v. Univ. of Kansas Med. Ctr.,* 163 F.3d 1186, 1195-96 (10th Cir. 1998) (holding Congress did not intend to abrogate a state's Eleventh Amendment immunity when it enacted 42 U.S.C. §§ 1983 and 1985, and where a state had not waived its immunity, the Eleventh Amendment barred plaintiff's suit.)

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the Court grant Defendants' motions to dismiss Mr. Headman's claims without prejudice.[1] (ECF No. 7, ECF No. 12). Upon dismissal, the undersigned RECOMMENDS finding Plaintiff's motion for summary judgment moot. (ECF No. 17.)

The Clerk's Office is directed to mail a copy of this Report and Recommendation to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of receiving a copy, Plaintiff may file his written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). A failure to do so may constitute waiver of objections upon subsequent review.

DATED this 2nd day of July, 2018.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[1] As a rule, "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).