IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALAN HEADMAN,<br><br>                 Plaintiff,<br>v.<br><br>STATE OF UTAH, UTAH JUDICIAL COUNSEL, UTAH ADMINISTRATIVE OFFICE OF THE COURTS<br><br>                 Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:18-cv-51<br><br>Judge Clark Waddoups |

Plaintiff Alan Headman, proceeding pro se, brings this civil rights action against the State of Utah, the Utah Judicial Counsel, and the Utah Administrative Office of the Courts, seeking declaratory and injunctive relief for alleged injuries arising out of his state court divorce proceedings. (Complaint, ECF No. 1.) In response, Defendants filed their Motions to Dismiss. (ECF Nos. 7 & 12.) The United States District Court Judge Clark Waddoups is the presiding judge in this matter and has referred it to United States Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) The matter is now before the court on a Report and Recommendation from Magistrate Judge Pead, dated July 2, 2018, in which he recommends that this court grant Defendants' Motions and dismiss Plaintiff's action without prejudice. (R&R, ECF No. 20.) The Report and Recommendation is incorporated by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed his Objection to Recommendation and Motion for Continuance on July 23, 2018. (Objection, ECF No. 21.) No Defendant has filed a response. Because of Plaintiff's Objection, the court reviews Magistrate Judge Pead's report de novo. *Northington v. Marin*, 102

F.3d 1564, 1570 (10th Cir. 1996). Because Plaintiff is proceeding pro se, the court must liberally construe his pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but it cannot advocate for him, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After careful review of the Complaint, the Motions to Dismiss and all briefing, the Report and Recommendation, and Plaintiff's Objection, the court determines oral argument would not aid its disposition, AFFIRMS and ADOPTS Magistrate Judge Pead's recommendation in full, and dismisses Plaintiff's action without prejudice. First, the *Younger* abstention doctrine counsels restraint where, as here, Plaintiff has an adequate forum to continue to address his ongoing case involving important issues of state interest. Second, this court lacks jurisdiction over the Utah Judicial Council and the Utah Administrative Office because Plaintiff lacks standing, given that these Defendants lack the ability to redress his alleged injury. Finally, this court lacks jurisdiction over all Defendants under the Eleventh Amendment because the State of Utah has not waived its sovereign immunity, nor that of its arms, and consented to be subject to suits of this nature.

In his Objection, Plaintiff suggests the proper course of action is to continue this matter until he has exhausted his state appeal rights, at which point he suggests he will no longer have an adequate forum and should be permitted to proceed in federal court. While exhaustion of his appeal rights may change the analysis under *Younger*, which is set out in full in Magistrate Judge Pead's Report and Recommendation, *Younger* is but one basis for dismissal and a completed state action would not cure the remaining jurisdictional defects. Therefore, a continuance would not save this action and is therefore denied.

Because of its disposition of this matter, the court declines to reach Plaintiff's Motion for Summary Judgment (ECF No. 17), Request for Speedy Hearing for Declaratory Judgment under

Rule 57 and 28 U.S.C. § 2201 (ECF No. 22), and Motion for Electronic Noticing Registration and Memorandum in Support (ECF No. 23). This case is DISMISSED without prejudice.

DATED this 17th day of September, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge